UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EMERY,
    Petitioner

    v.

JAMES McCRADY, *et al.*,
    Respondents

CIVIL NO. 1:12-CV-774

(Judge Caldwell)

*M E M O R A N D U M*

I.   *Introduction*

On April 23, 2012, James Emery filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 convictions in the Court of Common Pleas of Dauphin County, Pennsylvania, for carrying a firearm without a license, possession with intent to deliver, unlawful possession of drug paraphernalia, simple assault and criminal conspiracy.[1] Named as Respondents are Jame McGrady, Superintendent of SCI-Retreat where Emery is incarcerated, and the Attorney General for the Commonwealth of Pennsylvania.

On preliminary review, we have decided that the petition may be untimely and will require Petitioner to address that issue. *See Day v. McDonough*, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 1683-84, 164 L.Ed.2d 376 (2006)(district courts have the authority to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005)(en banc)(district court may raise the one-year statute of limitations on its own motion, provided the petitioner is afforded notice and an opportunity to respond).

---

[1] The petition was docketed on April 25, 2012, but Petitioner affirms he placed it in the prison mail system on April 23, 2012, so under the prison mailbox rule, we consider April 23, 2012, the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

II.     *Background*

On October 23, 2008, following a guilty plea, Emery was sentenced to serve an aggregate term of sixty-one months to twelve years in a state correctional institution. Doc. 2, Mem. in Supp. Habeas Corpus Pet. at pp. 10-11.[2]  No post-sentence motions were filed and no direct appeal was taken. *Id*. at p. 11.  On March 11, 2009, Emery filed a timely *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA),  42 Pa. Con. Stat. Ann. §§ 9541-9546 (West 2007 & Supp. 2012).  The trial court denied the PCRA petition on September 8, 2009.  The superior court affirmed the dismissal on September 22, 2010.  *See Commonwealth v. Emery*, No. 1638 MDA 2009 (Pa. Super. Ct.).  Emery did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

On October 26, 2010, Emery filed a second *pro se* PCRA petition.  *See Commonwealth v. Emery*, CP-22-0001283-2008 (Pa. Common Pleas Ct. - Dauphin Cnty.).[3]  On May 11, 2011, the Court advised Emery of its intent to dismiss his PCRA petition. The petition was dismissed on August 16, 2011, after Emery failed to file an Answer to the Court's May 11, 2011, order.  *See* Doc. 2 at p. 24.  Emery did not appeal the dismissal of his second PCRA petition to the superior court.

On April 23, 2012, Emery filed in the state supreme court a petition for leave to file a petition for allowance of appeal *nunc pro tunc* challenging the superior court's September 22, 2010, order affirming the denial of his first PCRA petition.  *See* Doc. 2 at pp. 28-29 and p. 38.

---

[2]  Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

[3]  The state-court dockets are available through Pennsylvania's Unified Judicial Docket System docket research site at: http://ujsportal.pacourts.us/.

III.     *Discussion*

      A.     *Statutory Framework*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment. *See* 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. In Pennsylvania, where no direct appeal is taken, the sentence becomes final thirty days after sentencing when the criminal defendant's opportunity to file a direct appeal with the superior court expires. *See* 42 Pa. Cons. Stat. § 9545(b)(3); Pa. R. App. P. 903; Pa. R. Crim P. 720(a)(3).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). Likewise, an untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. __

__, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012)(also considering the possibility of equitable tolling by way of actual innocence). Specifically, the Third Circuit has identified four circumstances in which equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *see also Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

### B.   *Calculation of Emery's Limitations Period*

Emery's judgment of conviction became final on November 24, 2008, the expiration of the thirty-day period for filing a direct appeal with the superior court.[4] Therefore, absent any tolling, he had until November 24, 2009, to file his § 2254 petition.

The limitations period ran 107 days, or until March 11, 2009, when Emery filed his first PCRA petition. Emery's first PCRA was pending until October 22, 2010, when his opportunity to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See Swartz*, 204 F.3d at 419. Thereafter, Petitioner had 258 days, or until July 7, 2011, to file his habeas corpus petition. However, he did not file his petition until April 23, 2012, more than 291 days after the limitations period expired. The petition is thus untimely.

In reaching this conclusion, we have taken into account the fact that Emery

---

[4] The deadline actually expired on November 22, 2008, but that was a Saturday, so the deadline was extended to Monday, November 24, 2008. *See* Pa. R. App. P. 107; 1 Pa. Con. Stat. Ann. § 1908.

filed a second PCRA petition which appears to have been dismissed as untimely filed. Unfortunate for Emery, an untimely filed PCRA petition is not considered "properly filed" for the purpose of tolling the limitations period.  *See Satterfield v. Johnson*, 434 F.3d 185, 194 (3d Cir. 2006).  Additionally, the statute of limitations is not tolled during the time a petition for allowance of appeal *nunc pro tunc* is pending in the Pennsylvania Supreme Court because such a petition is not procedurally proper under state law.  *See Douglas,* 359 F.3d at 262.

IV.     *Conclusion*

It appears that Emery's 2254 petition is untimely.  However, we must give him notice and an opportunity to oppose our *sua sponte* invocation of the statute of limitations.  *See Day, supra; Bendolph, supra*.

We will issue an appropriate order.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: May 16, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EMERY, :
      Petitioner :
: CIVIL NO. 1:12-CV-774
  v. :
: (Judge Caldwell)
JAMES McCRADY, *et al.*, :
      Respondents :

*O R D E R*

AND NOW, this 16th day of May, 2012, it is ordered that:

   1.  Emery's Motions to Proceed *In Forma Pauperis* (Docs. 3 and 6) are granted.

   2.  The Clerk of Court is directed to serve a copy of Emery's Petition and Memorandum of Law (Docs. 1-2) and this order on the Superintendent of SCI-Retreat, the Attorney General for the Commonwealth of Pennsylvania, and the District Attorney of Dauphin County.

   3.  Within twenty-one (21) days of the date of this Order, Petitioner may file a brief opposing the court's determination that his § 2254 petition is time-barred.

   4.  Respondents shall have fourteen (14) days from receipt of Petitioner's brief to file a reply brief.  Alternatively, if Petitioner fails to file a brief, Respondents may, within forty-five (45) days of this order, file a response to the court's determination that Petitioner's § 2254 petition is time-barred.

   5.  The Clerk of Court is to note the address of the District Attorney for Dauphin County on the front of the docket sheet in this case.

   6.  All documents filed by the parties and by the court shall be served upon the Superintendent of SCI-Retreat, the Attorney General for the Commonwealth of Pennsylvania, and the District Attorney for Dauphin County.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge